| | |
|---|---|
| **U.S. BANKRUPTCY COURT** | |
| **FOR THE DISTRICT OF ARIZONA** | |

| | |
|---|---|
| **In re:** | In Chapter 7 proceedings |
| **SEAN P. TRUELOVE and LISA C. TRUELOVE,** | Case No.: 12-21448-BMW |
| Debtors. | Adversary No. 13-006-DPC |
| **JUDY BERRETT**, Plaintiffs, | **ORDER GRANTING MOTION FOR RECONSIDERATION** |
| v. | **(Not for Publication- Electronic Docketing ONLY)** |
| **SEAN TRUELOVE and LISA TRUELOVE**, Defendants. | |

Before the Court is Judy Berrett's motion for reconsideration (Reconsideration) of the Court's December 12, 2013 award of attorneys' fees relating to the granting of Mr. Truelove's motion in limine. The Reconsideration is granted.

On motion and just terms, the court may relieve a party from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the judgment. Bankruptcy courts, as courts of equity, have power to reconsider, modify, or vacate their previous orders so long as no intervening rights have become vested in reliance on orders. Fed. R

Bankr. Proc. Rule 9024; Fed. R. Civ. Proc. Rule 60(b); *In re Lenox*, 902 F.2d 737, 738 (9th Cir. 1990).

A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through, rightly or wrongly. *In re America West Airlines, Inc.*, 240 B.R. 34, 38 (Bankr. D. Ariz. 1999). Accordingly, a motion for reconsideration may properly be denied when motion fails to state new law or facts. *In re St. Paul Self Storage Ltd. Partnership*, 185 B.R. 580 (9th Cir. BAP 1995). In this matter, the Court grants the Reconsideration because it made a mistake in granting attorneys' fees.

A review of the motion in limine shows that Mr. Truelove requested attorneys' fees under Rule 37(C)(1)(A).[1] Rule 37(C)(1)(A), in turn, allows the award of attorneys' fees for failure to comply with Rule 26(a) or (e).[2] A review of the record shows that the Court did not grant the motion in limine solely on Rule 26 grounds. Instead, it denied the entry of Exhibits 2 and 13 on the grounds that they were duplicative. Further, it ruled that Exhibits 16 and 17 could be brought in as impeachment exhibits.

Sanctions under Rule 37 are discretionary. *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976). A court can change its mind regarding in limine rulings. *Ohler v. U.S.*, 529 U.S. 753, 758 n. 3 (2000). Ms. Berrett argues that she did comply with Rule 26(a) and (e) by turning over disclosures as soon as she received them. The Debtors counter that in any event, Ms. Berrett failed to comply with the October 25, 2013, discovery deadline set by Judge Whinery. However, Judge Whinnery's order also states that the "Disclosure of Exhibits and Witness List Deadline" is seven days before the hearing. Judge Whinery's wording did create confusion as to the deadline.[3] This, coupled with the fact that the motion in limine was not granted solely on Rule 26 grounds, makes an award of fees uncalled for. Accordingly,

**IT IS THEREFORE ORDEREDED** that the Reconsideration is granted.

---

[1] Fed. R. Civ. Proc. Rule 37 is made applicable through Fed. R. Bankr. Proc. Rule 7037.
[2] Fed. R. Civ. Proc. Rule 26 is made applicable through Fed. R. Bankr. Proc. Rule 7026.
[3] Generally, under Rule 26(a)(3)(B), pretrial disclosures must be made 30 days before trial, "unless the court orders otherwise."

**So ordered.**

Dated: March 26, 2014

_____
DANIEL P. COLLINS
CHIEF UNITED STATES BANKRUPTCY JUDGE

COPY of the foregoing mailed by the BNC and/or sent by auto-generated mail to interested parties.